UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE PATRICK MERLINO,

               Plaintiff,

v.                                         Case No. 05-73608
                                         Honorable Patrick J. Duggan

MICHIGAN DEPARTMENT OF
CORRECTIONS, MICHIGAN PAROLE BOARD,
JOHN RUBITSCHUN, JOHN J. REMILLET,
ROBERT WILSON, WAYNE GROAT,
ROBERT OWENS, and MELISSA REDMOND,

               Defendants.
_____/

## <u>ORDER OF DISMISSAL</u>

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on November 18, 2005. ___

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff George Patrick Merlino ("Plaintiff"), a state prisoner at the Parnall

Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint for

declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff names the

following individuals and entities as defendants: the Michigan Department of

Corrections; the Michigan Parole Board ("Parole Board"); John Rubitschun, Chairman of

the Parole Board; John J. Remillet, a hearing examiner for the Parole Board; parole agents

Robert Wilson and Robert Owens; Wayne Groat, an administrative law examiner for the

Parole Board; and Melissa Redmond, an attorney who represented plaintiff at his final

parole revocation hearing.  Plaintiff is suing defendants in their individual and official capacities.

According to plaintiff's complaint and the exhibits attached thereto, plaintiff was granted parole on March 9, 2004, and subsequently was charged with violating the terms of parole on September 8, 2004.  Plaintiff was afforded a preliminary hearing at which defendant Remillet presided.  Plaintiff also was afforded a formal parole revocation hearing at which defendant Groat presided.  Plaintiff subsequently was found guilty of one count of threatening or intimidating behavior in violation of his parole.  Plaintiff's parole was revoked and his sentence was continued for twenty-four months.

In the first claim of his complaint, plaintiff alleges that defendant Remillet violated a  Michigan Department of Corrections' administrative rule and policy directive  and Michigan statute by not permitting plaintiff to (1) have an attorney at his preliminary hearing and (2) present evidence at the hearing.  Plaintiff's second claim alleges that defendant Remillet's summary of the testimony at the preliminary hearing does not reflect what actually occurred at the hearing.  Plaintiff's final claim alleges that defendant Redmond provided ineffective assistance at the final revocation hearing by failing to object, preserve issues, present plaintiff's defense, and gather information.[1]

Federal district courts must "undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which

---

[1]Plaintiff fails to allege any specific violations by the remaining defendants.

relief may be granted." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel . . . ." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Prisoner civil rights complaints are screened under 28 U.S.C. 1915A. *See Hyland v. Clinton*, 3 Fed. Appx. 478, 479 (6th Cir. 2001).

Pursuant to Section 1915A, a federal court must screen and dismiss a prisoner's civil rights action, or any portion of it, if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

To successfully establish a *prima facie* case under Section 1983, the plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)).[2] Plaintiff alleges

---

[2] Plaintiff may bring his claims in a civil rights complaint, as opposed to a habeas corpus petition, because he is challenging Defendants' procedures and he seeks a new

that he retained defendant Redmond to represent him at his final parole revocation

hearing and  that she provided ineffective assistance.  Plaintiff has no cause of action

against defendant Redmond because private attorneys do not act under color of state law.

*Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968); *see also Polk County v.*

*Dodson*, 454 U.S. 312, 102 S. Ct. 445 (1981).

Any claim Plaintiff may be asserting against the Michigan Department of

Corrections and the Parole Board fails because the Eleventh Amendment bars civil rights

actions against a state and its departments unless the state has waived its immunity.  *Will*

*v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309 (1989).[3]

Eleventh Amendment immunity "is far reaching.  It bars all suits, whether for injunctive,

declaratory or monetary relief, against the state and its departments . . ." *Thiokol Corp. v.*

*Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)(citing

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 908

(1984)).  "The state of Michigan . . . has not consented to being sued in civil rights actions

in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.

---

parole hearing.  Success in this action could result in a new hearing and would not
necessarily demonstrate the invalidity of Plaintiff's confinement or its duration.  *See*
*Wilkinson v. Dotson*, __ U.S. __, __, 125 S. Ct. 1242, 1248, 161 L.Ed.2d 253 (2005).

[3] The Department of Corrections is an administrative agency within the executive
branch of Michigan's government, and the Parole Board is an entity within the
Department of Corrections.  *Hopkins v. Michigan Parole Bd.*, 237 Mich. App. 629, 636-
37; 604 N.W.2d 686, 690-91 (1999).

2004)(citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted Section 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993)(citations omitted). Therefore, any claim against the Michigan Department of Corrections and the Parole Board would fail to state a claim for which relief may be granted.

State officials may be sued in their official capacities for injunctive or declaratory relief "under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10, 109 S. Ct. at 2312 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106, n. 14 (1985)(citing *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54 (1908)). Nonetheless, Plaintiff's claims against Defendant Remillet are frivolous for the following reasons.[4]

Plaintiff alleges that he was denied the right to an attorney at his preliminary revocation hearing. Defendant Remillet denied plaintiff's request for an attorney because he determined that Plaintiff was not mentally incapacitated and that the charges were not so complex as to require the assistance of counsel.

Although Plaintiff alleges that he was entitled to an attorney under state law, the alleged violation of state regulations and rules governing parole do not amount to a violation of federal procedural due process rights. *Sweeton v. Brown*, 27 F.3d 1162,

---

[4]Again, Plaintiff only alleges specific acts by defendants Remillet and Redmond that he claims violated his constitutional rights.

1164-65 (6th Cir. 1994)(en banc); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). The

Supreme Court has refused to find an absolute right to counsel at parole revocation

hearings; rather, the Court has held that the need for counsel "must be made on a case-by-

case basis in the exercise of sound discretion by the state authority charged with

responsibility for administering the probation and parole system." *Gagnon v. Scarpelli,*

411 U.S. 778, 790, 93 S. Ct. 1756, 1763 (1973). The Court noted that counsel may be

needed where there are "substantial reasons which justif[y] or mitigate[] the violation and

make revocation inappropriate or where the reasons for mitigation are complex or

otherwise difficult to develop." *Id*. at 790, 93 S. Ct. at 1764. Even assuming that a

parolee has a right to retained counsel at a formal revocation hearing,[5] that right was

honored in plaintiff's case. Plaintiff was denied the assistance of counsel only at his

preliminary hearing.

   Plaintiff next alleges that he was not permitted to offer evidence at his preliminary

hearing. Due process requires that parolees be given an opportunity to appear, speak on

their behalf, and present evidence at the preliminary hearing. *Morrissey v. Brewer*, 408

U.S. 471, 486-87, 92 S. Ct. 2593, 2603 (1972). Plaintiff's allegation that he was denied

the right to present evidence is belied by an exhibit to his complaint. The exhibit is

---

[5]In *Preston v. Piggman*, 496 F.2d 270, 275 (6th Cir. 1974), the Sixth Circuit
concluded that the parolee was entitled to representation by retained counsel at his formal
parole revocation hearing based on substantial reasons in the particular case. The parolee
apparently did not request counsel to represent him at his preliminary hearing. He chose
not to appear or contest the charges at the preliminary hearing.

defendant Remillet's report from the preliminary hearing which indicates that plaintiff testified and presented three witnesses at the hearing. A fourth defense witness, Dennis Berry, was not permitted to testify because defendant Remillet determined he had no direct knowledge of the alleged conversations that resulted in the charges against plaintiff. Any error in not permitting Berry to testify at the preliminary hearing was cured at the formal revocation hearing where he did testify.

Plaintiff's final allegation with respect to the preliminary hearing is that defendant Remillet altered testimony given at the hearing. A hearing officer must make a summary of what occurred at the preliminary hearing and determine whether there is probable cause to hold the parolee for the final parole revocation decision by the parole board. *Morrissey*, 408 U.S. at 487, 92 S. Ct. at 2603. The hearing officer also must state reasons for his or her determination and indicate the evidence relied on. *Id*. Defendant Remillet complied with these requirements and determined that it was probable plaintiff made threatening and intimidating statements. Defendant Remillet was not required to make formal findings of fact and conclusions of law. *Id.* In any event, similar testimony was taken and summarized at the subsequent formal parole revocation hearing about which plaintiff has no objection.

For the above reasons, the Court concludes that plaintiff's complaint must be summarily dismissed pursuant to 28 U.S.C. § 1915A. Accordingly,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

copy to:
George Patrick Merlino, #204575
Parnall Correctional Facility
1780 East Parnall Road
Jackson, MI  49201-7139