UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE PATRICK MERLINO, JR.,

       Plaintiff,

v.                                                                    Case No. 05-73608
                                                                      Honorable Patrick J. Duggan

MICHIGAN DEPARTMENT OF
CORRECTIONS, MICHIGAN PAROLE
BOARD, JOHN RUBITSCHUN, JOHN J.
REMILLET, ROBERT WILSON, WAYNE
GROAT, ROBERT OWENS, and
MELISSA REDMOND,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 24, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiff, a state prisoner at the Parnall Correctional Facility in Jackson, Michigan,

filed this *pro se* civil rights complaint for declaratory and injunctive relief pursuant to 42

U.S.C. § 1983.  On November 18, 2005, this Court issued an opinion and order

dismissing Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915A.  The Court concluded that

Plaintiff's claims were frivolous or failed to state a claim for which relief may be granted.

Presently before the Court is Plaintiff's timely filed motion for reconsideration filed

1

pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Plaintiff named the following individuals or entities as defendants in his complaint: The Michigan Department of Corrections ("MDOC"), the Michigan Parole Board, John Rubitschun, John Remillet, Robert Wilson, Wayne Groat, Robert Owens, and Melissa Redmond. As to the MDOC and Michigan Parole Board, the Court concluded that Plaintiff's claims must be dismissed based on Eleventh Amendment Immunity. *See* 11/18/05 Order at 4-5. As to John Rubitschun, Robert Wilson, Wayne Groat, and Robert Owens, the Court dismissed Plaintiff's claims because his complaint failed to set forth any allegations against them.[1] *See id*. at 5 n.4. With respect to John Remillet, the Court concluded that Plaintiff failed to allege any conduct constituting a violation of Plaintiff's constitutional rights. *See id*. at 5-7. Finally, as to Melissa Redmond, the Court held that, as a private attorney, she is not a "state actor" and therefore her actions cannot support a violation of Section 1983. *See id*. at 4.

In his motion for reconsideration, Plaintiff does not challenge the Court's dismissal of his claims against the MDOC, Michigan Parole Board, Rubitschun, Wilson, Groat, or Owens. With respect to Remillet and Redmond, however, Plaintiff claims the Court has made several palpable errors.

The essence of Plaintiff's complaint against Remillet is his claim that Remillet

---

[1]Further supporting this Court's evaluation of Plaintiff's complaint is the "conclusion" paragraph in which Plaintiff summarizes his complaint. In this section, Plaintiff only refers to the conduct of Remillet and his representation by ineffective assistance of counsel.

prepared a report of the preliminary hearing that "was falsified."  *See* Mot. ¶¶ 6-7.  The

Supreme Court has held that a parolee or probationer is entitled to certain procedural

protections pursuant to the Due Process Clause at a preliminary hearing:

> At the preliminary hearing, a probationer or parolee is entitled
> to notice of the alleged violations of probation or parole, an
> opportunity to appear and to present evidence in his own
> behalf, a conditional right to confront adverse witnesses, an
> independent decisionmaker, and a written report of the
> hearing.

*Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761 (1973)(citing *Morrissey v.*

*Brewer*, 408 U.S. 471, 487, 92 S. Ct. 2593, 2603 (1972)).  While the Court expects that

the written report of the hearing should be accurate, it does not believe that a

constitutional violation arises if the report is inaccurate or even false.

The determination of whether to revoke an individual's parole is not based on the

evidence or information presented at the preliminary hearing.  The issue resolved at the

preliminary hearing is whether there is probable cause to hold the parolee for the final

parole revocation decision by the parole board.  *Gagnon*, 411 U.S. at 786, 93 S. Ct. at

1761.  A separate and independent hearing is required and it is the "evidence" presented

at this hearing that is the basis for the ultimate decision whether to revoke parole.  *Id.*

Plaintiff acknowledges that a final revocation hearing was held and that the hearing

officer at the final revocation hearing decided whether to revoke his parole.

Plaintiff also alleges that he was denied the right to have an attorney represent him

at the preliminary hearing.  *See* Mot. ¶ 8.  The Supreme Court has refused to find an

3

absolute right to counsel at parole revocation hearings, holding that the need for counsel

"must be made on a case-by-case basis in the exercise of sound discretion by the state

authority charged with responsibility for administering the probation and parole system."

*Gagnon*, 411 U.S. at 790, 93 S. Ct. at 1763.  Based on this holding, the Court cannot find

that a parolee has a federal constitutional right to an attorney at a preliminary revocation

hearing, particularly where the parolee was represented by an attorney at the final

revocation hearing.

Construing the complaint in a light most favorable to Plaintiff– as the Court did in

evaluating his complaint– Plaintiff potentially raises a claim that his constitutional rights

were violated because he was represented at the final revocation hearing by "[c]ounsel of

the Defendant's choice" and that this counsel was "ineffective."  There is no allegation in

the complaint, however, as to which individual is responsible for this "constitutional

violation"– presumably that being the appointment of ineffective counsel.  In this Court's

view, the only defendants named in the complaint that arguably could be responsible for

this conduct are the MDOC or the Michigan Parole Board.  As set forth previously,

however, both defendants are entitled to Eleventh Amendment immunity.

With respect to Plaintiff's claims against attorney Redmond, the complaint does

not contain any allegation that this defendant was a "state actor" subject to suit under

Section 1983.  Plaintiff simply alleges that Redmond was "Defendant's choice."  The fact

that the State may have selected Redmond to represent Plaintiff and may have provided

compensation for her services, does not make her a "state actor."  As one court has stated:

4

"A court-appointed attorney, like any retained counsel, serves his client.  Because an attorney represents his client, and not the state, the attorney's action does not constitute 'state action' within the meaning of 42 U.S.C. § 1983."  *Alexander v. Zarrilli*, No. 86-4991, 1986 WL 10810 (E.D. Pa. Sept. 29, 1986)(unpublished op.); *see also Horton v. Martin*, No. 04-1142, 2005 WL 1384306, at *2 (6th Cir. June 7, 2005)(unpublished op.)(upholding the district court's dismissal of the plaintiff's Section 1983 claims against the attorney who represented him at his parole revocation hearing because the attorney was not a state actor subject to liability under Section 1983).[2]

 For the reasons set forth above,

 **IT IS ORDERED**, that Plaintiff's motion for reconsideration is **DENIED**.


      s/PATRICK J. DUGGAN
      UNITED STATES DISTRICT JUDGE

Copy to:
George Patrick Merlino, #204575
Parnall Correctional Facility
1780 East Parnall Road
Jackson, MI 49201-7139

---

 [2]These unpublished opinions are attached as Exhibits 1 and 2 to this Opinion and Order.

5

# EXHIBIT 1

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Khalid ALEXANDER
v.
Frank ZARRILLI.
**Civ.A.No. 86-4991.**

Sept. 29, 1986.

Khalid Alexander, in pro. per.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

**\*1** In this *pro se* 42 U.S.C. § 1983 civil rights complaint, plaintiff names his public defender from his parole revocation hearing as defendant, and alleges ineffective assistance of counsel.  No claim for relief is stated.

Together with this complaint, plaintiff filed a request for leave to proceed *in forma pauperis*.  Since it appears that plaintiff is unable to prepay the cost of commencing this action, leave to proceed *in forma pauperis* will be granted.  However, for the reasons set forth herein, the complaint will be dismissed as frivolous under 28 U.S.C. § 1915(d).

An action brought under 42 U.S.C. § 1983 permits plaintiff to seek redress for deprivation of his rights against someone who has acted under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  An essential element of a civil rights violation is that the conduct complained of has been committed by a person acting "under color of state law." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982).

Although defendant Zarrilli was appointed to represent plaintiff in the parole violation proceeding, this does not mean that any power he possessed was possessed by virtue of state law.  A court-appointed attorney, like any retained counsel, serves his client.  Because an attorney represents his client, and not the state, the attorney's action does not constitute "state action" within the meaning of 42 U.S.C. § 1983.  *Polk County v. Dodson*, 454 U.S. 312 (1982) (public defender is not a state actor for § 1983 purposes).  Therefore, defendant cannot be held liable under 42 U.S.C. § 1983 and the complaint will be dismissed as frivolous under U.S.C. § 1915(d).

This dismissal does not affect plaintiff's ability to pursue an action in state court, by way of a malpractice suit or an appeal of the parole decision.  State grievance and disciplinary procedures may also be available as well as a federal habeas corpus action, once plaintiff has exhausted his available state remedies.  This dismissal merely means plaintiff may not pursue his claim in federal

court as a civil rights action under 42 U.S.C. § 1983.


ORDER

AND NOW, this 29th day of September, 1986, in accordance with the Memorandum filed this date,

IT IS ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. This complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(d).

E.D.Pa.,1986.
Alexander v. Zarrilli
Not Reported in F.Supp., 1986 WL 10810 (E.D.Pa.)

END OF DOCUMENT

# Exhibit 2

This case was not selected for publication in the Federal ReporterNOT RECOMMENDED FOR FULL--TEXT PUBLICATIONSixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATION  Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.   Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,Sixth Circuit.
Raymond Lester HORTON, Plaintiff-Appellant,
v.
Bill MARTIN;  et al., Defendants-Appellees.
**No. 04-1142.**

June 7, 2005.

**Background:** Former parolee brought § 1983 action for monetary and equitable relief against state parole board, director of state corrections department, administrative law judge, parole board field programs manager, and attorney who represented former parolee in parole revocation hearing, alleging violations of his due process rights. The United States District Court for the Eastern District of Michigan dismissed for failure to state claim. Former parolee appealed.

**Holdings:** The Court of Appeals held that:

1(1) Eleventh Amendment immunity applied to bar claims against board;

2(2) absolute immunity applied to shield administrative law judge and parole board field programs manager from liability;

3(3) director could not be held liable for alleged due process violations; and

4(4) attorney was not state actor subject to § 1983 liability.

Affirmed.

West Headnotes

[1] **Federal Courts 170B** ⚷**269**

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
     170BIV(A) In General
      170Bk268 What Are Suits Against States
       170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
Eleventh Amendment immunity applied to bar former parolee's § 1983 claims against Michigan Parole Board, which was administrative agency within executive branch of state's government. U.S.C.A. Const.Amend. 11; 42 U.S.C.A. § 1983; M.C.L.A. Const. Art. 5, § 2.

[2] **Civil Rights 78 ☞1376(7)**

78 Civil Rights
   78III Federal Remedies in General
     78k1372 Privilege or Immunity;  Good Faith and Probable Cause
     78k1376 Government Agencies and Officers
      78k1376(7) k. Prisons, Jails, and Their Officers;  Parole and Probation Officers. Most Cited Cases

**Civil Rights 78 ☞1376(8)**

78 Civil Rights
   78III Federal Remedies in General
     78k1372 Privilege or Immunity;  Good Faith and Probable Cause
     78k1376 Government Agencies and Officers
      78k1376(8) k. Judges, Courts, and Judicial Officers. Most Cited Cases
Absolute immunity applied to shield administrative law judge and parole board field programs manager from § 1983 liability for due process violations that allegedly occurred in connection with parole revocation hearing.  U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

[3] **Civil Rights 78 ☞1358**

78 Civil Rights
   78III Federal Remedies in General
     78k1353 Liability of Public Officials
      78k1358 k. Criminal Law Enforcement;  Prisons. Most Cited Cases
Director of state corrections department could not be held liable under § 1983 for due process violations that allegedly occurred in connection with parole revocation hearing, given that former parolee did not allege that director actively participated in or authorized alleged unconstitutional conduct, but rather merely claimed that director failed to remedy situation after being informed of problem through former parolee's grievance. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

[4] **Civil Rights 78 ☞1326(10)**

78 Civil Rights
   78III Federal Remedies in General
     78k1323 Color of Law

78k1326 Particular Cases and Contexts

78k1326(10) k. Attorneys and Witnesses. Most Cited Cases

Attorney who represented parolee in parole revocation proceeding was not state actor subject to § 1983 liability, given absence of evidence that attorney engaged in conspiracy with state officials. 42 U.S.C.A. § 1983.

**\*774** On Appeal from the United States District Court for the Eastern District of Michigan.

Raymond Lester Horton, Muskegon Heights, MI, pro se.

Christine M. Campbell, Asst. Atty. General, Kevin R. Himebaugh, Linda M. Olivieri, Office of the Attorney General, Lansing, MI, John J. Pomann, Westland, MI, for Defendants-Appellees.

Before: MARTIN and ROGERS, Circuit Judges;  MCKINLEY, District Judge. [FN*]

FN* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

**\*\*1** Raymond Lester Horton, proceeding pro se, appeals a district court's order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.   Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Horton sued the Michigan Parole Board, the director Bill Martin of the Michigan Department of Corrections, an administrative law judge Gary Kasenow, a parole board field programs manager Larry Baran, and Horton's counsel Jacqueline George from his parole revocation hearing.   Horton essentially argued that the defendants violated his due process rights in connection with the parole revocation hearing.   Specifically, he claimed that:  1) he was not afforded a hearing within the required 45 days;  2) Martin failed to remedy the wrong when notified through Horton's grievance appeal;  3) George, Kasenow, and Baran conspired to violate his rights by agreeing that Horton would plead guilty, without Horton's knowledge;  4) the Board violated his rights by failing to provide him with written findings of fact for revoking his parole; 5) the Board and Kasenow failed to consider mitigating evidence before they reached their decision; and 6) George rendered ineffective assistance.   Upon review, the district court **\*775** adopted a magistrate judge's recommendation that the court dismiss the complaint against the Board, Martin, Kasenow, and Baran because they were entitled to immunity.   Subsequently, the district court adopted the magistrate judge's recommendation to grant George's motion to dismiss the claims against her because Horton did not state a claim upon which relief could be granted.   Horton has filed a timely appeal reasserting his claims.

Upon review, we conclude that the district court properly dismissed Horton's complaint.  We review de novo a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *See Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 779 (6th Cir.2000).

[1] The district court properly dismissed Horton's claims against the Board, Kasenow, and Baran because they were entitled to immunity. The Board is immune from suit under the Eleventh Amendment. Eleventh Amendment immunity is a jurisdictional bar, and applies regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993). The Board is an administrative agency within the executive branch of Michigan's government. *See* Mich. Const.1963, art. 5, § 2; *In re Parole of Bivings,* 242 Mich.App. 363, 619 N.W.2d 163, 167-68 (2000).

**\*\*2** [2] Kasenow and Baran are also entitled to immunity. "[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir.1990). Likewise, those who make recommendations concerning parole also enjoy absolute immunity. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir.1996) (hearing examiner and probation officer who recommended delay of parole entitled to absolute immunity); *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir.1994) (probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity); *Turner v. Barry,* 856 F.2d 1539, 1540-41 (D.C.Cir.1988). Kasenow and Baran are entitled to immunity because Horton challenges their conduct in relation to his parole revocation hearing.

[3] The district court also properly dismissed Horton's claim against Martin. Horton merely alleged that Martin failed to remedy the situation after he had been informed of the problem via Horton's grievance. Horton's allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 691-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Horton did not allege that Martin actively participated in or authorized the alleged unconstitutional conduct.

[4] The district court properly concluded that Horton did not state a claim against George. George is not a state actor subject to liability under § 1983. *See Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998). Although private citizens acting in concert with state officials may be subject**\*776** to § 1983 liability, *see Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), Horton offered no factual support or evidence upon which a conspiracy could be based. Horton's allegation that George engaged in a conspiracy with the state actors was not pled with any degree of specificity. *See Kensu v. Haigh,* 87 F.3d 172, 175-76 (6th Cir.1996). Moreover, a review of the parole violation report clearly establishes that George presented mitigating evidence to the parole board.

Judgment affirmed.

C.A.6 (Mich.),2005.
Horton v. Martin
137 Fed.Appx. 773, 2005 WL 1384306 (C.A.6 (Mich.)), 2005 Fed.App. 0473N

Briefs and Other Related Documents [(Back to top)](#)

• [04-1142](#) (Docket) (Feb. 05, 2004)

END OF DOCUMENT